UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH L. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2632 DDN |
| DIRECTOR OF VATTEROTT, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Keith L. Griffin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the application is financially unable to pay any portion of the fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's complaint, however, this action will be dismissed for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3) and for maliciousness. *See* 28 U.S.C.§1915.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff seeks monetary damages in this action against defendants, the Director of Vatterott and Michael Gans, the Clerk of the Eighth Circuit Court of Appeals. Plaintiff has failed to state the grounds for filing the instant action in Federal Court.

In his "Statement of Claim," plaintiff alleges that he "graduated from law enforcement school" in 1988, but his identification was stolen in 1990. He claims that he was licensed to carry a firearm and graduated with a law degree, but these licenses were also stolen.

Plaintiff states that he "wants to file a lawsuit against [Vatterott] and punitive damages for attempts to disregard [his] pending lawsuit for court on medical malpractice and a tort claim." Plaintiff states that he previously filed a lawsuit and an appeal of the lawsuit in front of Judge Limbaugh, but his case was dismissed. Plaintiff seeks a "restraining order on Michael Gans" so he cannot rule against him, as well as monetary damages in an amount of $3.5 million dollars.

## Discussion

At the outset, the Court notes that even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure. Plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)

(complaint should contain "short and plaint statement" of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Liberally construing plaintiff's complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy is stated in a conclusory manner, and plaintiff has insufficiently alleged diversity of citizenship. *See* 28 U.S.C. § 1332. Furthermore, the instant action does not appear to arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Last, the Court believes this action to be malicious. The manifest purpose of plaintiff's complaint does not appear to rectify any cognizable harm, but only to harass and disparage both Judge Limbaugh, who rendered a civil judgment against him, and Michael Gans, who notified plaintiff that the Court of Appeals ruled against him in a prior appellate action. Title 28 Section 1915 not only allows, but expressly requires, District Courts to dismiss malicious cases. This case appears to fall directly within the statutory confines.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on the complaint because the complaint is subject to dismissal for lack of jurisdiction and for maliciousness. *See* Fed.R.Civ.P.12(h)(3) and 28 U.S.C. § 1915.

Dated this 27th day of October, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE